IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JIMENEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-2 |
| SHARON WYNNE, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Jimenez, an inmate confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Sharon Wynne, Terrance Shaw, and Phillip Whigham.

The Court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the 12(b)(6) Motion to Dismiss filed by defendants Shaw and Whigham be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Defendants filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds defendants' objections lacking in merit. The Magistrate Judge correctly noted that a court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins., Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Erickson v. Pardus*, 551 U.S. 89, 91 (2007) (on a "motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"). The Supreme Court in *Erickson* criticized the lower court's departure from the liberal pleading

standards that must be accorded *pro se* prisoners. *Id*. Furthermore, when a qualified immunity defense is asserted in an answer or motion to dismiss for failure to state a claim, the district court must, as always, do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone; in so doing, the district court must apply the "short and plain" standard to the complaint. Fed. R. Civ. P. 8(a)(2), 12(b)(6). *Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016).

In their objections, the defendants appropriately note problems in plaintiff's pleadings; nonetheless, accepting all of the plaintiff's factual allegations as true, plaintiff has alleged facts sufficient to state a deliberate indifference claim. The motion to dismiss should be denied. Defendants may be able to show on summary judgment that the case should be dismissed, but plaintiff has alleged facts sufficient to avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** this 7   day of **March, 2018.**

_____
Ron Clark, United States District Judge